UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No:

ADNERY MALDONADO,

 Plaintiff,

v.

LANDMARK AVIATION MIAMI, LLC, d/b/a
SIGNATURE FLIGHT SUPPORT, a Foreign Corporation,

 Defendants.

_____/

## COMPLAINT

Plaintiff, ADNERY MALDONADO, (herein referred to as "Plaintiff" and/or "MALDONADO") by and through her undersigned attorney, hereby files this Complaint against LANDMARK AVIATION MIAMI, LLC, d/b/a Signature Flight Support (hereinafter, "LANDMARK" and/or "Defendants") and says:

## JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

**PARTIES**

5. MALDONADO is a resident of Miami-Dade County, Florida. During all times relevant to this Complaint, MALDONADO was employed by Defendant as an accounting clerk.

6. Plaintiff's job duties included accounting responsibilities such as reviewing invoices, printing daily balancing reports, review daily sales, pay invoices, review and pay vendor statements, mail payments through the United States Post Office, budgeting, contract renewals, compliance, etc. Plaintiff was, therefore, an "employee" as defined by 29 U.S.C. § 203(e) and a covered individual under 29 U.S.C. § 207(a).

7. Defendant, LANDMARK, is a foreign corporation that operates and conducts business in Miami-Dade County, Florida, and is therefore within the jurisdiction and venue of this Court. LANDMARK has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, is registered to do business in Florida and is subject to the laws of the United States and the State of Florida.

8. Specifically, LANDMARK is an aviation support services company and its employees, including MALDONADO, regularly handled goods which were transported across state lines.

9. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce. LANDMARK is an enterprise covered by the FLSA because it has employees engaged in commerce and employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. Specifically, employees at LANDMARK regularly work on computers produced outside the State of Florida; handled accounts and/or worked with vendors outside of the State of Florida, delivered and/or sold fuel moved in and out of or produced outside the State of Florida; maintained aircrafts that move in and out of the State of Florida and regularly used instrumentalities of interstate commerce.

11. LANDMARK, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines. LANDMARK is, therefore, covered as an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(s).

12. LANDMARK was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

13. Plaintiff was a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

14. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that MALDONADO performed services for Defendant for which no provision was made to properly pay overtime for those hours worked over forty in a work-week.

15. Plaintiff worked for Defendant from approximately August 2011 until August 2020. During her employment, MALDONADO regularly worked over forty (40) hours per week.

16. The Defendant and their representatives knew that MALDONADO was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

17. The Defendant maintained complete control over the hours Plaintiff worked and the pay she was to receive.

18. In the course of her employment with Defendant, MALDONADO worked the number of hours required of her, but was not paid time and one-half for all hours worked in excess of forty (40) hours during each workweek. Plaintiff routinely worked over forty (40) hours per week during her employment.

19. Defendants willfully failed to record and/or properly pay for all the time worked by MALDONADO.

20. The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation paid to her are, upon information and belief, in the possession, custody and control of the Defendant.

21. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

22. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT ONE – VIOLATION OF FLSA / OVERTIME

23. Plaintiff re-alleges and re-avers paragraphs 1–22 as fully set forth herein.

24. Since the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of §7 of the Act [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one- and one-half times the regular rates for which they were employed.

25. Specifically, MALDONADO worked routinely over forty (40) hours during each work week in which she was employed, but was not compensated for all hours worked in excess of forty (40) hours in a workweek. Therefore, Plaintiff is owed back wages at a rate of time and one-half her regular hourly rate for all hours worked over forty (40) in each workweek during the relevant time period.

26. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, nor professional employee.

27. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

28. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

29. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

30. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff, ADNERY MALDONADO, demands judgment for:

a) Actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly;

b) Interest on the amount found due;

c) Liquidated damages pursuant to 29 U.S.C. § 260;

d) Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

e) Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, ADNERY MALDONADO, hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: January 12, 2021.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By: /s/ Charles Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
Chuck@icelawfirm.com
SHANNA M. WALL, Esq.
Fla. Bar #0051672
Shanna@icelawfirm.com